JOHN WELCH v. A. F. WALKER *et al.*, *Receivers of the Atchison, Topeka & Santa Fe Railroad Company.*

No. 435.    (59 Pac. 1096.)

NEGLIGENCE—*Shipment of Cattle—Quarantine Regulations—Agency.* In an action against a live-stock commission firm and the receivers of a railroad company to recover damages resulting from the alleged negligence of the defendants in the shipment of cattle in violation of quarantine regulations, the findings showed that the said firm were the agents of the plaintiff in the purchase and shipment of the cattle, while the pleadings were silent as to such agency. *Held*, that, as between the plaintiff and the defendant receivers, the plaintiff, acting through his agents, was guilty of contributory negligence, defeating a recovery, and that, under the pleadings, the plaintiff was not entitled to judgment against the said firm for negligence or misconduct as agents.

Error from Franklin district court; A. W. BENSON, judge. Opinion filed February 19, 1900. Affirmed..

*J. W. Deford*, and *W. A. Deford*, for plaintiff in error.

*A. A. Hurd*, *W. Littlefield*, and *O. J. Wood*, for defendants in error A. F. Walker *et al.*, as receivers.

*Wm. H. Clark*, for defendants in error M. T. Fletcher & Co.

The opinion of the court was delivered by

MILTON, J. : This action was brought by the plaintiff in error to recover damages in the sum of $314, the value of fifteen head of his cattle, which, it was alleged, died from Texas fever, communicated by four steers, bought, together with twenty-six others, by the plaintiff from Fletcher & Co., a live-stock commission firm of Kansas City, Kan., and shipped by said firm over the line of the Atchison, Topeka & Santa Fe Railroad Company, operated by A. F. Walker and others, as receivers ; and to recover the further sum of $1000 on account of depreciation of the value of the plaintiff's farm by reason of the outbreak of Texas fever thereon. The petition alleged that, on May 15, 1895, Fletcher & Co., at their place of business, sold to the plaintiff thirty head of cattle, including four steers which, as plainly shown by their appearance and the brands upon them, were what are called Texas, Southern or Indian cattle ; that Fletcher & Co. caused the said cattle to be shipped and the defendant receivers received and transported the said cattle in disregard of the regulations adopted by the live-stock sanitary commission of the state of Kansas, by failing, prior to such shipment, to obtain from the agent of said commission a shipping permit and by failing to have the car containing said cattle placarded "This car contains Southern cattle," and to mark the way-bill "Southern cattle," as required by

Welch v. Railroad Co.

the said regulations. The petition further alleged that when the cattle were delivered to the plaintiff at Ottawa, Kan., he drove them to his farm, about four miles east of that city, and turned them into his pasture ; "that said four steers were infected with said splenic or Texas fever and communicated the same to other cattle belonging to this plaintiff, then in said pasture fields, by reason whereof fifteen head of said domestic cattle so infected died."

Before the trial, the plaintiff amended his petition by adding the following allegation : "That whether said four steers were such Texas or Southern cattle or not, they were, at the time they were so as aforesaid sold, shipped, transported and delivered to plaintiff by said defendants, liable to communicate, and capable of communicating and actually did communicate to plaintiff's said domestic cattle the said Texas, Spanish or splenic fever, by reason whereof fifteen of them died, as aforesaid." The receivers answered by a general denial, and a plea of contributory negligence on the part of the plaintiff and his agents. Fletcher & Co. answered by a general denial of the allegations of the petition. The trial was by the court, and from its findings of fact—the evidence not being preserved in the record—it appears that in May, 1895, Fletcher & Co., a commission firm, purchased at the stockyards in Kansas City, Kan., as agents for the plaintiff, thirty head of steers, and caused the same to be shipped over the Atchison, Topeka & Santa Fe railroad to the plaintiff at Ottawa, Kan. The plaintiff put the cattle in his pasture, some four miles from that city. In the following July Texas fever broke out in the plaintiff's herd, and fifteen of his cattle died therefrom. None of the four steers particularly described in the petition sickened or died. The negligence of

Fletcher & Co. consisted in their failure to procure from the inspector appointed by the state live-stock sanitary commission a shipping permit, authorizing the shipment of the cattle from the stock-yards to the plaintiff, in accordance with the regulations of the commission ; and the negligence of the defendant receivers lay in the fact that they received and shipped the cattle without a shipping permit.

At the time the cattle were purchased, shipped and delivered there was nothing in their appearance indicating the presence of infectious or contagious disease, or that they were Southern cattle, unless it was that the brand upon the four steers which are alleged to have communicated the disease indicated that they had been in an open or range country, and the fact that the four were somewhat wilder than the other cattle. When the plaintiff received the cattle he was satisfied with their appearance and made no objection. He was not an expert in cattle diseases, but had the general knowledge of a farmer concerning cattle. The court's conclusions of law were to the effect that the plaintiff and the defendants had all participated in violating the quarantine regulations established by law, and that there could be no recovery by one as against the others for losses sustained by one of them ; that the plaintiff, acting through his agents, caused the shipment to be made ; and that Fletcher & Co. were not charged with bad faith or violation of instructions, or other misconduct as agents. The petition alleged that Fletcher & Co. sold the cattle to plaintiff; the findings show that they acted as his agents in the transaction. It is clear, therefore, that the plaintiff was not entitled to judgment against Fletcher & Co. for negligence or misconduct while acting as his agents for the reason that such elements did not

enter into the plaintiff's cause of action as stated in the petition. The agency of Fletcher & Co. for the plaintiff is not disclosed by any pleading in the case. As between the plaintiff and the defendant receivers, it must be held that the plaintiff was bound by the acts of his agents in the purchase and shipment of the cattle. It thus appears that the plaintiff was guilty of contributory negligence in the transaction, and for that reason was not entitled to recover as against the defendant receivers for the loss of the cattle.

The judgment of the district court is affirmed.